**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR OCTAVIO HERNANDEZ PEREZ, | No. 10-71269 |
| Petitioner, | Agency No. A089-294-512 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 11, 2011
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior
District Judge.**

Cesar Octavio Hernandez Perez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' decision affirming an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Although we sustain most of the BIA's opinion, it appears that the BIA failed to deal with at least one argument properly presented to it by Hernandez Perez. We thus grant in part and deny in part the petition for review, and remand for further proceedings.

We do not fault the BIA's decision as far as it went, but Hernandez Perez made arguments that the BIA did not deal with in its decision, which concluded that Hernandez Perez failed to establish the requisite nexus between the harm he suffered and his political opinion. In particular, the BIA failed to discuss Hernandez Perez's argument that he was persecuted for being a whistleblower. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005)("IJs and the BIA are not free to ignore arguments raised by a petitioner."). Although whistleblowing is not always an exercise of political opinion, whistleblowing against corrupt government officials "may constitute political activity sufficient to form the basis of persecution on account of political opinion." *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000). While the BIA need not explicitly address in its decision every issue raised during the course of its review, the BIA must still consider all the issues raised and "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Najmabadi*

2

*v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)). Here, the BIA made no reference to Hernandez Perez's whistleblower claim in its decision and gave no explanation for its denial.

The BIA also failed to reference the Country Report on Guatemala in its decision. "Country reports are accorded special weight in removal proceedings." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010). A failure by the IJ or the BIA to consider evidence of country conditions during removal proceedings "constitutes reversible error." *Id.* at 705. Here, there was no reference in the BIA's decision to the Country Report on Guatemala or the information contained within it.

The BIA did not, however, violate 8 C.F.R. § 1003.1(d)(3) when it determined that Hernandez Perez failed to provide a sufficient evidentiary basis for the claim that Hernandez Perez's father was killed by the National Police. After weighing the evidence submitted by Hernandez Perez, the IJ found that there was no factual basis to support the assertion that members of the National Police were behind the attack on Hernandez Perez's father. AR 58. The BIA's determination here was grounded on this finding and was not improper factfinding.

We remand to the BIA so that it may consider and demonstrate in its decision that it considered both Hernandez Perez's whistleblower argument and the Country Report on Guatemala.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**